86 P.3d 507

Raymond L. ROARK, individually,
Plaintiff–Respondent–Cross
Appellant,

v.

Dale BENTLEY and Terry Lynn Bentley,
husband and wife, and any and all un-
known owners, or unknown heirs or un-
known devisees of any deceased person
claiming any interest in the property
which is the subject of this action, re-
ferred to for convenience by the ficti-
tious names or designations of Does I
through XX, Defendants–Appellants–
Cross Respondents.

No. 29256.

Supreme Court of Idaho,
Boise, December 2003 Term.

Feb. 27, 2004.

Brauner & Nelson, Caldwell, for appellants. Gilbert L. Nelson argued.

Hamilton, Michaelson & Hilty, Nampa, for respondent. Mark R. Hilty argued.

TROUT, Chief Justice.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

This case involves a boundary dispute between adjoining property owners: Dale and Terry Bentley (Bentleys) who acquired their property in Ada County, Idaho in 1996, (Bentley Farm) and Raymond Roark, who purchased property which lies directly to the north of the Bentley Farm, on February 28, 1973 (Roark property).

In 1967, John Bentley, Dale Bentley's predecessor in interest, improved the Bentley Farm by constructing the Creason Lateral and Creason Drainage Ditch (Creason Ditch). The Creason Ditch location, several feet south of the original property line adjoining the Roark property, resulted from conservation efforts by the Creason Lateral Association. Roark claims John Bentley placed the Creason Ditch on a perceived boundary between their respective properties and subsequently treated the ditch as the boundary line for 29 years. At issue is the ownership of the 24,583 square foot strip of property (Disputed Strip) which lies between the Creason Ditch and the Roark Property.

In 1996, Roark subdivided his property and the Ada County assessor designated the Roark property as "Lot 18, Blk 1" for tax purposes. From that time forward, Roark paid taxes based upon this lot and block number description. Throughout this time, Roark also farmed his property up to the Creason Ditch, including the Disputed Strip.

On April 5, 2002, Roark filed a complaint to quiet title to the Disputed Strip, asserting adverse possession under I.C. §§ 5–209 and 210; that he had actually and continually occupied the land under a claim of right for more than five years. Roark also asserted he cultivated or improved the Disputed Strip by leasing it to others who farmed the ground and that the Creason Ditch physically separates the Disputed Strip from the Bentleys property and therefore operates as a

substantial enclosure. Roark further claimed he has paid all taxes on the Disputed Strip since 1973 and provided the trial court with tax records demonstrating he had paid the taxes on the property described as Lot 18 Block 1 since 1996.

Roark then moved for summary judgment. The Bentleys conceded Roark satisfied all the elements of adverse possession except for the tax payment requirement of I.C. § 5–210. The trial court granted summary judgment in favor of Roark, finding he had satisfied the tax payment requirement by paying taxes based on the lot and block number, as the Roark property was then described. The trial court quieted title in Roark October 14, 2002.

The Bentleys filed a motion to reconsider the summary judgment order, arguing the Bentley Farm and Roark Property are not assessed by a lot number for tax purposes; rather they are assessed according to a township and range description which was contained in the original deeds to each property. The Bentleys argued this distinction is important because, for tracts of land which border on the quarter section or half section, the Ada County assessor assesses the tract of land for taxes up to that line. As a result, the Bentleys assert they had paid taxes on the Disputed Strip.

The trial court denied the Bentleys' motion to reconsider, finding that because the taxes were assessed by a lot number, it was impossible to determine from the tax assessment record the precise quantum of property being assessed. Roark's tax records demonstrating he had paid taxes on the Disputed Strip by lot number, were sufficient.

Roark also sought costs and attorney fees under I.C. § 12–121 for defending against an unreasonable and frivolous claim. The trial court denied Roark's request because the Bentleys' question of whether the "lot number exception" should be applied was not unreasonable or frivolous. Roark also sought attorney fees under I.C. § 12–120(1), and the trial court denied the request because the case did not involve the recovery of money.

The Bentleys appeal the trial court's decision quieting title to the Disputed Strip in Roark. Roark cross-appeals the denial of his request for attorney fees under I.C. § 12–121.

## II. STANDARD OF REVIEW

This Court's review of a district court's ruling on a motion for summary judgment is the same as that required of the trial court when ruling on the motion. *Sun Valley v. Rosholt, Robertson & Tucker*, 133 Idaho 1, 3, 981 P.2d 236, 238 (1999). The law is well established in Idaho that on a motion for summary judgment, the trial court must determine whether the pleadings, deposition, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). The burden of proving the absence of an issue of material fact rests at all times upon the moving party. *McCoy v. Lyons*, 120 Idaho 765, 769, 820 P.2d 360, 364 (1991); *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991).

## III. DISCUSSION

### A. The district court did not err in granting summary judgment in favor of Roark.

Idaho Code § 5–210 defines the elements of adverse possession under an oral claim of right and provides as follows:

For the purpose of constituting an adverse possession, by a person claiming title not founded upon written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:

1. Where it has been protected by a substantial enclosure.

2. Where it has been usually cultivated or improved.

Provided however, that in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied and claimed for

a period of five years continuously, and *the party or persons, their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law.* (emphasis added).

The burden of proving all of the essential elements of adverse possession is upon the party seeking title and every element must be proven with clear and satisfactory evidence. *See Lindgren v. Martin,* 130 Idaho 854, 949 P.2d 1061 (1997); *Berg v. Fairman,* 107 Idaho 441, 690 P.2d 896 (1984); *Loomis v. Union Pacific Railroad,* 97 Idaho 341, 544 P.2d 299 (1975).

■ Idaho Code § 5–210 requires actual payment of taxes assessed with regard to the disputed property. *See Trappett v. Davis,* 102 Idaho 527, 633 P.2d 592 (1981); *Fry v. Smith,* 91 Idaho 740, 430 P.2d 486 (1967); *White v. Boydstun,* 91 Idaho 615, 428 P.2d 747 (1967); *Larson v. Lindsay,* 80 Idaho 242, 327 P.2d 775 (1958); *Balmer v. Pollak,* 67 Idaho 494, 186 P.2d 217 (1947). However, this Court "has fashioned several exceptions to the general rule which, when applied, have the effect of satisfying the tax requirement." *Trappett,* 102 Idaho at 530–31, 633 P.2d at 595–96. The "lot number" exception to the tax requirement states:

> [I]n the case of boundary disputes between contiguous landowners, where one landowner can establish continuous open, notorious and hostile possession of an adjoining strip of his neighbor's land, *and taxes are assessed by lot number or by government survey designation, rather than by metes and bounds description,* payment of the taxes on the lot within which the disputed tract is enclosed satisfies the tax payment requirement of the … statute. (emphasis added).

*Scott v. Gubler,* 95 Idaho 441, 443–44, 511 P.2d 258, 260–261 (1973). The reason behind the lot number exception "is as follows: when taxes are assessed according to some generic description, 'it is impossible to determine from the tax assessment record the precise quantum of property being assessed'." *Baxter v. Craney,* 135 Idaho 166, 171, 16 P.3d 263, 268 (2000) (citing *Flynn v.*

*Allison,* 97 Idaho 618, 621, 549 P.2d 1065, 1068 (1976)).

■ In addition, when both the record owner and the adverse occupant paid taxes on the subject parcel during the period of adverse possession, the adverse possessor prevails, because the doctrine of adverse possession focuses primarily on the conduct and actions of the adverse claimant. *Trappett,* 102 Idaho at 534, 633 P.2d at 599. *Scott* and *Trappett* stand for the proposition that unless the exact quantity of land taxed is made clear by a metes and bounds description, or there is evidence the adverse possessor did not pay any taxes on the property, the presumption is that the adverse possessor paid taxes and that element of the statute is satisfied.

The issue in this case is whether the lot number exception applies in a situation where the adverse possessor's land is described by a lot and block description for tax purposes, but the adjoining owner's land is described by a township and range description for tax purposes, and both parties claim to have paid taxes on the disputed parcel.

In 1996, Roark subdivided his property and the Ada County assessor designated his property "Lot 18, Block 1" for tax purposes. Roark paid taxes on this property from 1996 through 2001 and provided the trial court with tax assessment records as evidence of payment. Similarly, in *Scott v. Gubler,* the Jerome County assessor designated adjoining parcels of land as "Lot 4 and Lot 3, Sec. 14 and 15, Township 9 South, Range 16 E.B.M." for tax purposes. The plaintiffs erected a fence along the line between Sections 14 and 15 to divide their Lot 4 from Lot 3, but enclosed a triangular portion of Lot 3. They also paid taxes on Lot 4 for nine years. This Court found that the plaintiffs adversely possessed the triangular portion of Lot 3 by paying taxes on Lot 4 because the land was described by a lot number on the tax assessment notice. The Bentleys attempt to distinguish *Scott* by arguing the parcels in *Scott* were assigned lot numbers in addition to the government survey descriptions. However, like the *Scott* description, Roark's tax assessment notices describe his land in terms of a

lot number and therefore the lot number exception would apply.

Conversely, the Bentley Farm is described by a township and range description on tax assessment notices and in the deed to the Bentley Farm. The Bentleys did not provide any evidence the township and range description in the tax assessment record is anything but a government survey description. Further, the township and range description using fractions of sections in the tax assessments appears similar to other government survey designations in Idaho case law. In *Beneficial Life Ins. Co. et al v. Wakamatsu,* 75 Idaho 232, 270 P.2d 830 (1954), the plaintiffs brought an action to quiet title to a strip of land along the common boundary line with the defendants. Both tracts of land were described by fractional divisions of townships and ranges and the trial court designated the tracts of land as "government subdivisions." 75 Idaho at 236, 270 P.2d at 832. This Court found that payment of tax assessments describing parcels by reference to fractions of a government survey section "will be regarded as payment of taxes levied on the respective properties up to the boundary line [of adverse occupation] and meets the requirement of I.C. § 5–210 as payment of taxes by an adverse claimant." *Id.* at 242, 270 P.2d at 840 (citing *Bayhouse v. Urquides,* 17 Idaho 286, 105 P. 1066; *Calkins v. Kousouros,* 72 Idaho 150, 237 P.2d 1053). Here, though, Bentleys are not the adverse claimants.

The Bentleys further argue the lot number exception does not apply because the township-range designation used in the Bentleys' tax notice describes a precise quantity of land. However, as stated in *Baxter v. Craney,* "when taxes are assessed according to some generic description, it is impossible to determine from the tax assessment record the precise quantum of property being assessed." 135 Idaho 166, 16 P.3d 263, (1999)(citing *Flynn v. Allison,* 97 Idaho 618, 621, 549 P.2d 1065, 1068 (1976)).

The descriptions in the Bentleys' tax notice constitute government survey descriptions. As discussed in *Trappett v. Davis,* the critical issue to satisfying the payment of tax requirement of adverse possession "is the as-

sessor's actual basis for valuation of the property in question, i.e., whether his assessment was based on estimated acreage derived from physical inspection, value based on frontage fee, area calculated from a metes and bounds description, or some other method of valuation." 102 Idaho 527, 530, 633 P.2d 592, 595 (1981). In *Trappett,* the adjacent parcels received lot numbers for tax assessment, but the properties were described by metes and bounds in a plat. As a result, the Court refused to apply the lot number exception because the metes and bounds description provided a precise quantum of land.

Conversely, in *Standall v. Teater,* 96 Idaho 152, 525 P.2d 347 (1974), the tax assessor assessed a single tax unit "Tax 6, Sec 21, T.6 R. 13", the entire amount enclosed by a fence. The *Standall* court applied the lot number exception, noting "the record failed to contain any metes and bounds descriptions of [the property] sufficient to properly describe the parties' respective tracts of land." 96 Idaho at 157, 525 P.2d at 352.

Under *Trappett* and *Standall* it is clear that if there is not a metes and bounds description on which the tax assessor relies for assessing taxes, and the adverse claimant is paying taxes pursuant to a lot and block description, the lot number exception will apply. Since neither the Bentleys' or Roark's tax assessment notices rely on a metes and bounds description, the precise quantity of land assessed is undeterminable and the lot number exception applies to Roark's claim.

Even though the lot number corollary applies, Roark must still prove he paid taxes on the lot in which the Disputed Strip is located. Roark provided tax notices proving he paid taxes on his lot from 1996 to 2001. As a result, this Court agrees with the trial court's determination that Roark has met the tax payment requirement of I.C. § 5–210 and upholds the trial court's order granting summary judgment.

**B. The district court did not abuse its discretion by denying Roark's request for attorney fees under I.C. § 12–121.**

This Court has said repeatedly that an award of attorney fees under I.C. § 12–

121 is within the broad and sound discretion of the trial court. *Etcheverry Sheep Co. v. J.R. Simplot Co.*, 113 Idaho 15, 19, 740 P.2d 57, 61 (1987); *O'Boskey v. First Fed. Sav. & Loan Ass'n*, 112 Idaho 1002, 1008, 739 P.2d 301, 307 (1987). To determine whether the trial court abused its discretion, this Court considers: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). Roark argues the trial court abused its discretion by denying his request for attorney fees under I.C. § 12–121.

Even though Roark was the prevailing party, the trial court properly exercised its discretion. Based upon the trial court's Order Denying Motion for Reconsideration and Denying in Part & Granting in Part Application for Costs and Attorney's Fees, it is clear the district judge understood this was a discretionary call, acted within the boundaries of that discretion, consistent with the appropriate legal standards and reached the decision to deny attorney fees based upon the exercise of reason. We affirm the trial court's decision to deny Roark attorney fees.

**C. Roark is entitled to attorney fees for defending a frivolous appeal.**

When faced with an appeal and cross-appeal, this Court may independently consider the appropriateness of an award for attorney fees in each appeal. *Fairfax v. Ramirez*, 133 Idaho 72, 982 P.2d 375 (Ct.App. 1999). This Court may award attorney fees on appeal "when this court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). This Court will not award attorney fees "where the losing party brought the appeal in good faith and where a genuine issue of law was presented." *Id.*

In this case, it is clear there was a lot number description for Roark's property, and the Bentleys did not distinguish or ask this Court to overrule any precedent. The trial court clearly articulated the lot number exception and explained why it applied in this instance. On appeal, Bentleys have presented no reasoned basis for questioning the trial court's decision. As a result, this appeal is frivolous and unreasonable and Roark is entitled to attorney fees on appeal.

## IV. CONCLUSION

In summary, the lot number exception to I.C. § 5–210 applies to Roark's claim because Roark's property is described by a lot number for tax purposes and Roark provided evidence he paid taxes on his lot from 1996 to 2001. Furthermore, the Bentley's did not demonstrate that the Ada County assessor assessed taxes on the Bentley Farm according to a metes and bounds description. Instead, the assessor used a government survey description from which the precise quantity of land being assessed cannot be determined. Consequently, the trial court correctly granted Roark's summary judgment motion and we affirm.

Next, the trial court did not abuse its discretion by denying Roark's request for attorney fees because the Bentleys' defense that the Ada County assessor assessed the Bentley Farm according to a government survey description or by lot number presented a debatable issue considering the various processes used by the Ada County assessor. Finally, this Court awards Roark attorney fees under I.C. § 12–121 for defending against the Bentleys' frivolous and unreasonable appeal and costs on appeal.

Justices SCHROEDER, KIDWELL, EISMANN, and BURDICK concur.