127 P.3d 167

**Esther LUCE, Plaintiff–Appellant–Cross Respondent,**

**v.**

**William E. MARBLE, Defendant–Respondent–Cross Appellant,**

and

**Jane Doe Marble, and Jim Jordan and Dotty Jordan, and all other persons unknown claiming any right, title, estate, lien, or interest in the real property described as set forth in exhibits 1, 2 and 4 attached to Complaint, Defendants.**

No. 30691.

Supreme Court of Idaho, Lewiston, October 2005.

Dec. 30, 2005.

Charles Alan Brown, Lewiston, argued for appellant.

Radakovich Law Office, Lewiston, for respondent. Danny J. Radakovich argued.

BURDICK, Justice.

This matter involves a dispute over the ownership of a parcel of land in Lenore, Idaho. Appellant, Esther Luce (Luce) brought an action for quiet title, boundary by acquiescence, adverse possession, easement by prescription, and trespassing and damage to real property. Respondent, William E. Marble (Marble) counterclaimed for quiet title. This case comes to this Court on appeal from the judgment quieting title in Marble and granting Luce an easement and the order awarding costs and attorney's fees to Marble. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Esther Luce (Luce) and her husband, Ike, purchased approximately 1.9 acres of real property in Nez Perce county from Gertrud H. Radegast in 1963 (Luce property), and the property was transferred to them by warranty deed in 1964. Immediately contiguous to and open to the Luce property was a parcel of land, enclosed by a fence (Parcel A). Parcel A is fenced on the north, south and western borders, but was not fenced on the eastern border—the border between Parcel A and the Luce property. Parcel A is an irregularly shaped parcel that juts from the lower western edge of the Luce property and contains approximately 0.34 acres.

The fence lines around Parcel A existed when the Luces purchased their property,

but it is unknown who built the fence or why. These fences have remained in the same location for over forty years. Parcel A is also bisected by a roadway (the roadway), which continues west across another parcel of land (Parcel B)[1] and across property now owned by Jim and Dotty Jordan (the Jordan property), until it connects with a county road known as the Lenore Grade. The roadway is the exclusive way to access the Luce property.

The Luces paid property taxes on the Luce property after they purchased it. However, Luce is an enrolled Nez Perce tribal member, and approximately ten to fifteen years prior to trial she put the Luce property into a trust. This removed the Luces' obligation to pay property taxes. While Luce testified that she paid property taxes on Parcel A, her testimony was rather tentative, she did not state when, for which years, or for how long, any such payments were made, and she admitted she did not have any proof of having paid the taxes.

In April of 2002 Marble purchased approximately 1.34 acres of real property immediately east of the Luce property (the Marble property) from the railroad. Parcel A is located entirely on the property the railroad deeded to Marble, and it is surrounded on three sides by the Marble property. A month after purchasing the Marble property, Marble removed a portion of the fence line enclosing the north and western boundaries of Parcel A. He also removed a cattle feeder on Parcel A and placed it on the Luce property.

Shortly thereafter, Luce filed her complaint seeking to quiet title to Parcels A and B, alleging causes of action for adverse possession, boundary by acquiescence, prescriptive easement, and trespass and damages. Marble counterclaimed for quiet title to the Marble property. After Luce's case-in-chief, Marble and the Jordans moved to dismiss all of Luce's claims. The district court granted the motion to dismiss the adverse possession, boundary by acquiescence, and trespass and damages claims. The trial then continued as to Luce's prescriptive easement claim. After the parties submitted written post-trial arguments, the district court determined that Luce had failed to prove she had a prescriptive easement, but nevertheless "equity requires a finding that the railroad, at some point in time, granted an oral easement for ingress and egress." Marble then moved for costs and attorney fees. The district court ultimately entered judgment quieting title to Marble and describing the appurtenant easement for Luce's access roadway and ordered Luce to pay a portion of Marble's attorney's fees and all of his costs. Luce filed a timely appeal from this judgment as to Parcel A, and Marble timely filed a cross-appeal.

## II. ISSUES ON APPEAL

1. Does the language of the quitclaim deed prevent Marble from asserting a superior right to Parcel A over Luce?

2. Did the district court err in dismissing Luce's boundary by acquiescence claim?

3. Did the district court err in dismissing Luce's adverse possession claim?

4. Did the district court err in dismissing Luce's prescriptive easement claim?

5. Did the district court err in dismissing Luce's trespass and damage claim?

6. Did the district court err in awarding attorney's fees to Marble, or err in the amount of attorney's fees awarded to Marble?

7. Is either party entitled to attorney's fees on appeal?

## III. STANDARD OF REVIEW

On appeal, this Court will not set aside findings of fact, unless they are clearly erroneous. *Marshall v. Blair*, 130 Idaho 675, 679, 946 P.2d 975, 979 (1997) (citing I.R.C.P. Rule 52(a)). If a district court's findings of fact are supported by substantial and competent, though conflicting, evidence,

---

1. Parcel B is east of Parcel A and is located partially on what the district court determined was Marble's property and partially on the Jordan's property. Although this parcel was part of the case below, Luce has not pursued her appeal as to the district court's decision regarding Parcel B.

this Court will not disturb the findings. *Hodgins v. Sales,* 139 Idaho 225, 229, 76 P.3d 969, 973 (2003). In contrast, this Court exercises free review over the district court's conclusions of law to determine whether the court correctly stated the applicable law and whether the legal conclusions are sustained by the facts found. *Conley v. Whittlesey,* 133 Idaho 265, 269, 985 P.2d 1127, 1131 (1999).

## IV. ANALYSIS

On appeal Luce argues that the quitclaim deed from the railroad to Marble prevents him from asserting a right superior to hers over Parcel A. She also asserts that she has established ownership to Parcel A through boundary by agreement, adverse possession and prescriptive easement. Finally, she contends that the district court wrongly dismissed her trespass and damages claim against Marble. Marble argues that the lower court correctly determined the issues Luce presented, but abused its discretion in its determination of attorney's fees below. Both parties request attorney's fees on appeal. This Court will deal with each issue in turn.

### A. The Language of the Quitclaim Deed

█ Luce argues the language of the quitclaim deed required Marble to take the land subject to a visual inspection of its condition and that inspection should have revealed the fences and other improvements on Parcel A, so Marble cannot now argue that his interest is superior to hers via the quitclaim deed. The railroad conveyed the Marble property by quitclaim deed, which includes the following language:

> **ALSO,** Grantee has been allowed to make a complete visual inspection of the property and has knowledge as to the past use of the property. Based upon this inspection and knowledge, Grantee is aware of the condition of the property and **GRANTEE SPECIFICALLY ACKNOWLEDGES THAT GRANTEE IS PURCHASING THE PROPERTY IN AN "AS–IS WITH ALL FAULTS" BASIS AND THAT GRANTEE IS NOT RELYING ON ANY REPRESENTATION OR WARRANTIES OF ANY KIND WHATSOEVER FROM GRANTOR AS TO ANY MATTERS CONCERNING THE PROPERTY,** including the physical condition of the property and any defects thereof, the presence of any hazardous substances, waste or contaminants in, on or under the property, the condition or existence of any of the above ground or underground structures or improvements in of or under the property, the condition of title to the property, and the leases, easements or other agreements affecting the property.

(Emphasis as in original).

█ Luce cannot rely on this language to prevent Marble from challenging her claim to Parcel A. A grantor can convey nothing more than he or she owns, and ordinarily a grantee acquires nothing more than the grantor owns and can convey. *See Gardner v. Fliegel,* 92 Idaho 767, 770, 450 P.2d 990, 993 (1969). A quitclaim deed conveys whatever interest the grantors possess at the time of the conveyance. *Scogings v. Andreason,* 91 Idaho 176, 180, 418 P.2d 273, 277 (1966). This includes legal title. *Bliss v. Bliss,* 127 Idaho 170, 174, 898 P.2d 1081, 1085 (1995); *see also Dunham v. Dunham,* 128 Idaho 55, 58, 910 P.2d 169, 172 (Ct.App.1994) ("[a] quitclaim deed is .... intended to pass any title, interest, or claim which the grantor may have in the premises."). Idaho law presumes that the holder of title to property is the legal owner of that property. *Hettinga v. Sybrandy,* 126 Idaho 467, 469, 886 P.2d 772, 774 (1994); *Russ Ballard & Family Achievement Inst. v. Lava Hot Springs Resort, Inc.,* 97 Idaho 572, 579, 548 P.2d 72, 79 (1976). "[O]ne who would claim the ownership of property of which the legal title stands or record in another ... must establish such claim by evidence that is clear, satisfactory and convincing." *Russ Ballard & Family Achievement Inst.,* 97 Idaho at 579, 548 P.2d at 79.

Under these principles, since Marble holds record title to Parcel A Idaho law presumes that he is the legal owner of Parcel A. *See Hettinga,* 126 Idaho at 469, 886 P.2d at 774. Luce may not rely on the language of the quitclaim deed to overcome this presumption; she may overcome this presumption only by establishing her claimed right to Parcel A

through clear and convincing evidence. *See Russ Ballard & Family Achievement Inst.,* 97 Idaho at 579, 548 P.2d at 79. Therefore, each doctrine under which Luce claims an interest in Parcel A will be discussed in turn below.

## B. Boundary by Acquiescence or Agreement

Luce claims ownership over Parcel A under the doctrine of boundary by agreement or acquiescence. Luce argues that the evidence or recognition of the original fence coupled with the lack of any evidence of the original location of the boundary leads to a presumption of boundary by agreement or acquiescence, relieving her of her burden to present actual evidence of a dispute or uncertainty and subsequent fixing of a boundary. Conversely, Marble argues that Luce was required to prove that there was a disputed boundary and a subsequent agreement fixing that boundary to prevail on her claim.[2]

Boundary by agreement or acquiescence has two elements: (1) there must be an uncertain or disputed boundary and (2) a subsequent agreement fixing the boundary. *Cox v. Clanton,* 137 Idaho 492, 494–95, 50 P.3d 987, 989–90 (2002). "There is no requirement that there be a dispute over the boundary. Rather, there must be either uncertainty or a dispute as to the location of the true boundary." *Johnson v. Newport,* 131 Idaho 521, 523, 960 P.2d 742, 744 (1998). Moreover, "if the location of the true boundary is unknown to either of the parties, and is uncertain or in dispute, such coterminous owners may agree upon a boundary line." *Trappett v. Davis,* 102 Idaho 527, 531, 633 P.2d 592, 596 (1981). Ignorance of what is later deemed to be the true boundary suffices to show uncertainty. *Morrissey v. Haley,* 124 Idaho 870, 873, 865 P.2d 961, 964 (1993). An agreement can be implied from

the surrounding circumstances and conduct of the landowners. *See Griffel v. Reynolds,* 136 Idaho 397, 400, 34 P.3d 1080, 1083 (2001); *see also Cameron v. Neal,* 130 Idaho 898, 901, 950 P.2d 1237, 1240 (1997). A long period of acquiescence also provides the factual basis from which to infer an agreement. *Griffel,* 136 Idaho at 400, 34 P.3d at 1083. "Once a boundary line has been fixed under the doctrine of agreed boundary, that boundary is binding upon successors in interest who purchase with notice of the agreement. The general rule is that one purchasing property is put on notice as to any claim of title or right of possession which a reasonable investigation would reveal." *Duff v. Seubert,* 110 Idaho 865, 870, 719 P.2d 1125, 1130 (1985) (citing *Paurley v. Harris,* 75 Idaho 112, 268 P.2d 351 (1954)).

For nearly a century it has been the law of this state that evidence of a long established fence creates two presumptions. First, when a fence line has been erected, and then coterminous landowners have treated that fence line as fixing the boundary between their properties "for such a length of time that neither ought to be allowed to deny the correctness of its location" the law presumes an agreement fixing that fence line as the boundary. *Johnson,* 131 Idaho at 523, 960 P.2d at 744 (citing *Edgeller v. Johnston,* 74 Idaho 359, 365, 262 P.2d 1006, 1010 (1953)); *see also Cox,* 137 Idaho at 494–95, 50 P.3d at 989–90; *Cameron,* 130 Idaho at 901, 950 P.2d at 1240; *Wells v. Williamson,* 118 Idaho 37, 41, 794 P.2d 626, 630 (1990); *Beneficial Life Ins. Co. v. Wakamatsu,* 75 Idaho 232, 241, 270 P.2d 830, 835 (1954); *Woll v. Costella,* 59 Idaho 569, 577, 85 P.2d 679, 682 (1938); *O'Malley v. Jones,* 46 Idaho 137, 141, 266 P. 797, 798 (1928); *Bayhouse v. Urquides,* 17 Idaho 286, 298–98 105 P. 1066, 1068–70 (1909). Second, coupled with the

2. Marble also argues that Luce should not be allowed to pursue both an adverse possession claim and a boundary by acquiescence claim. He argues that it is inappropriate way of proceeding and is an extremely self-serving and inappropriate view of the law. However, while Marble may think these theories are inconsistent, there is no prohibition on arguing theories in the alternative. Additionally, this Court has frequently heard appeals where both theories were

argued. For instance, in *Beneficial Life Ins. Co.,* this Court found that evidence of a long standing fence and long, continued possession of the parcel inside the fence gave rise to the presumption of an agreement as well as adverse possession. 75 Idaho at 241, 270 P.2d at 835–36. Additionally, in *Trappett v. Davis,* this Court noted that boundary by acquiescence is a doctrine separate from adverse possession. 102 Idaho 527, 633 P.2d 592 (1981).

long existence and recognition of a fence as a boundary, "the want of any evidence as to the manner or circumstances of its original location, the law presumes that it was originally located as a boundary by agreement because of uncertainty or dispute as to the true line." *Beneficial Life Ins. Co.*, 75 Idaho at 241, 270 P.2d at 835.

Here, the specific facts of the case prevent this presumption from operating in Luce's favor. The doctrine of boundary by agreement or acquiescence is based on a reasonable assumption implied from the surrounding circumstances. *See Griffel*, 136 Idaho at 400, 34 P.3d at 1083. In our prior cases, we have applied the presumption when it was reasonable to assume from the facts on the ground that at some prior point landowners agreed or acquiesced to a certain location as the boundary between their properties. However, the shape of Parcel A is so irregular and encompasses such a large portion of the Marble property that such an assumption would be unreasonable. Therefore, since Luce cannot rely on this presumption and failed to present any evidence the fence lines surrounding Parcel A settled an actual disagreement or uncertainty, she cannot establish her right to Parcel A through boundary by agreement or acquiescence.

## C. Adverse Possession

Luce next claims ownership over Parcel A by adverse possession. Oral claims for adverse possession are governed by Idaho Code § 5–210. This section requires that the land being claimed have been enclosed or that the land being claimed be cultivated or improved, that the possession be for a period of five years and that the adverse possessor pay all taxes levied and assessed on the land. The party claiming adverse possession must prove all of the essential elements of adverse possession by clear and satisfactory evidence. *Roark v. Bentley*, 139 Idaho 793, 796, 86 P.3d 507, 510 (2004). In addition to the requirements of I.C. § 5–210, this includes that the possession has been actual, open, visible, notorious, continuous and hostile to the party against whom the claim is made. *Winn v. Eaton*, 128 Idaho 670, 673, 917 P.2d 1310, 1313 (Ct.App.1996) (citing *Kolouch v. Kramer*, 120 Idaho 65, 67–68, 813 P.2d 876, 878–79 (1991)).

Luce asserts she has established that her possession of Parcel A was hostile. Additionally, she argues that because she deeded her land to the Nez Perce tribe and was no longer required to pay taxes her non-payment of taxes on the Luce property removes the requirement that she pay taxes on Parcel A; therefore, she continues, she has established her claim to Parcel A through adverse possession. Marble counters that the district court correctly concluded Luce cannot prove she paid taxes on Parcel A and that her possession was permissive, so she failed to establish her adverse possession claim.

Idaho Code § 5–210 requires actual payment of property taxes, levied and assessed, with regard to the disputed property. *Roark*, 139 Idaho at 796, 86 P.3d at 510. However, several exceptions to this requirement exist, *Trappett*, 102 Idaho at 531, 633 P.2d at 596, and the adverse possessor may rely on an exception to meet the tax payment requirement. The recognized exceptions "have the effect of satisfying the tax requirement (by fiction or otherwise), even though it cannot be determined that the adverse claimant actually paid property tax on the disputed land." *Id.* at 531, 633 P.2d at 596.

When determining whether an exception to the tax payment requirement applies, the basis for the assessor's actual valuation of the property, whether by metes and bounds or some other more general method, is critically important. *Id.* at 530, 633 P.2d at 595. "The general tax rule focuses on actual payment as evidenced by the assessor's actual valuation." *Id.* Unless the land was assessed under a metes and bounds description, or there is evidence the adverse possessor did not pay any taxes on the property, the law presumes the adverse possessor paid taxes on the disputed parcel and the tax payment requirement is satisfied. *Roark*, 139 Idaho at 796, 86 P.3d at 511. Indeed, when tax records are inconclusive, uncontradicted testimony that the adverse possessor paid taxes on the disputed property is sufficient to show compliance with the tax payment requirement, *DeChambeau v. Estate of*

*Smith,* 132 Idaho 568, 572, 976 P.2d 922, 926 (1999), and if both the record owner and adverse possessor pay taxes on the disputed property, the adverse possessor prevails. *Roark,* 139 Idaho at 796, 86 P.3d at 511.

 The first of the exceptions, the "lot number" exception, depends on taxes being assessed according to some generic description, rather than by metes and bounds, from which it is impossible to determine the "precise quantum of property being assessed." *Flynn v. Allison,* 97 Idaho 618, 621, 549 P.2d 1065, 1068 (1976). The second of these exceptions also applies when property is assessed by a generic description and the adverse possessor occupies the same amount of land on which he was taxed. *See Trappett,* 102 Idaho at 533, 633 P.2d at 598. Finally, the tax payment requirement is also satisfied if during the five year period for adverse possession no taxes are levied or assessed on the land in dispute. *Id.* at 531, 633 P.2d at 596.

Here, while there is evidence that Luce paid property taxes on her land for the years prior to putting the Luce property into trust, Luce failed to prove in what manner the Luce property was assessed. There is no indication in the record whether these taxes were assessed by a metes and bounds description, or by some other general description. Luce failed to establish how taxes were assessed on the Luce property, so it is impossible to determine if she meets one of the exceptions. Luce has also failed to establish whether taxes were levied and assessed on Parcel A during the time she occupied the property. Without such evidence, the district court correctly concluded that Luce had failed to meet the tax payment requirement. Moreover, since Luce has failed to establish this element of her claim, the Court need not address the remaining elements.

### D. Easement

 Luce next asserts that she has the right to use all of Parcel A through the doctrine of prescriptive easement. "It is well established in this jurisdiction that an easement is the right to use the land of another for a specific purpose that is not inconsistent with the general use of the property by the owner." *Abbott v. Nampa School Dist. No. 131,* 119 Idaho 544, 548, 808 P.2d 1289, 1293 (1991). To establish a prescriptive easement, the claimant must prove, by clear and convincing evidence, open, notorious, continuous, uninterrupted use, under a claim of right, with the knowledge of the servient estate owner for five years. *See, e.g., Wood v. Hoglund,* 131 Idaho 700, 702, 963 P.2d 383, 385 (1998).

Here, Luce argues that she has established all of the necessary elements to claim a prescriptive easement over all of Parcel A. She asserts that since easements are defined by the use made during the prescriptive period and the Luces used all of Parcel A as if it were their land,[3] she has established her right to an easement that grants her the right to use Parcel A as she always has. Conversely, Marble contends that Luce cannot obtain an exclusive right to Parcel A through the doctrine of prescriptive easement because that would vitiate the tax payment requirement necessary for adverse possession and would be inconsistent with Luce's own pleadings. Furthermore, Marble continues, Luce is essentially claiming an exclusive easement by prescription, a type of easement that does not exist in our law.

 Luce cannot claim an easement right over all of Parcel A to the exclusion of Marble. Such an easement right does not exist. *Drew v. Sorensen,* 133 Idaho 534, 541, 989 P.2d 276, 283 (1999); *see also Viebrock v. Gill,* 125 Idaho 948, 953, 877 P.2d 919, 924 (1994) ("An unlimited easement is virtually a conveyance of ownership, rather than an easement."). An easement allows only limited use of the servient estate. *Carson v. Elliott,* 111 Idaho 889, 890, 728 P.2d 778, 779 (Ct.App.1986). So long as his use does not interfere with the easement owner's full use and enjoyment of her easement a servient landowner may always make reasonable use of the land burdened by an easement, *Drew,* 133 Idaho at 541, 989 P.2d at 283, but the easement owner's use also must be consistent

---

**3.** These uses include the passage of automobiles and trucks, parking, stacking and storing firewood and fence posts, running cattle and chickens, and mowing and maintaining the parcel.

with the servient estate owner's general use, *Abbott*, 119 Idaho at 548, 808 P.2d at 1293.

Since allowing Luce to use all of Parcel A in the same manner as if she were the record owner would be inconsistent with Marble's use and enjoyment of his property and because such an easement does not exist under Idaho law, Luce cannot claim a right to exclude Marble from Parcel A by prescriptive easement. Moreover, although it is possible for an easement to exist under more than one theory, in this instance we do not reach the question of whether Luce has a prescriptive easement over the roadway. Even if such an easement exists, it would grant Luce no rights she does not already possess under the district court's decision determining that she has a twenty-foot easement over the roadway.

### E. Trespass and Damages

 Luce contends that the district court erred by dismissing her trespass and damages claim against Marble. Under Idaho law, trespass is the "wrongful interference with the right of exclusive possession of real property." *Moon v. N. Idaho Farmers Ass'n*, 140 Idaho 536, 541, 96 P.3d 637, 642 (2004). Since Luce has not established her right to exclusive possession of Parcel A, she cannot recover for trespass and damages against Marble for his actions on Parcel A, and the district court did not err in dismissing her claims.

### F. Attorney's Fees Below

Luce argues she did not pursue her claims frivolously or act in an unreasonable manner, and the lower court's award of attorney's fees to Marble was inappropriate. Marble agrees with the award of attorney's fees, but believes that the amount of the award should have been higher. Marble asserts that because the district court found that Luce's persistence in pursuing her claim after her deposition revealed insurmountable flaws, her case was without foundation and unreasonable but did not award him the full amount of fees requested incurred after Luce's deposition the district court abused its discretion.

 Here, the district court determined that Marble was the prevailing party and then awarded Marble $2500.00 for attorney fees pursuant to Idaho Code section 12–121 and $460.61 for costs as a matter of right pursuant to I.R.C.P. 54(d)(1)(C). The decision to award attorney's fees under I.C. § 12–121 is left to the sound discretion of the trial court. *Merrill v. Gibson*, 139 Idaho 840, 845, 87 P.3d 949, 954 (2004). Here, the Court cannot find that the district court abused his discretion; therefore, the award of attorney's fees below is affirmed.

### G. Attorney's Fees on Appeal

 Finally, both parties seek attorney's fees on appeal pursuant to I.C. § 12–121. Luce did not prevail; therefore, she is not awarded attorney's fees under this statute. *Roe v. Albertson's, Inc.*, 141 Idaho 524, 531, 112 P.3d 812, 819 (2005). An award under this statute is appropriate if the Court is left with the abiding belief that the appeal was brought or defended frivolously, unreasonably or without foundation. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Dixon*, 141 Idaho 537, 542, 112 P.3d 825, 830 (2005). Since this Court finds that Luce neither brought or defended the appeal and cross appeal frivolously, unreasonably, or without foundation, this Court declines to award attorney's fees to Marble.

### V. CONCLUSION

Here, the language of the quit claim deed does not relieve Luce of her burden of proving her right to possession. Luce has failed to prove such a claim because she is not entitled to the presumption that the fences surrounding Parcel A were erected to solve a dispute or uncertainty and there was no evidence that the boundaries of Parcel A were erected to resolve an uncertainty or dispute. Likewise, Luce cannot succeed on her adverse possession claim because she presented no evidence that she ever paid property taxes on Parcel A. Additionally, Luce cannot establish an exclusive right to Parcel A by prescriptive easement. Therefore, we affirm the decision below quieting title to Marble and granting Luce an appurtenant easement

across the roadway. Costs to the Respondent.

Chief Justice SCHROEDER and Justices TROUT, EISMANN, JONES, concur.

