**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41961**

| | | |
|---|---|---|
| USHA PANDEY SHARMA, | ) | 2015 Unpublished Opinion No. 480 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 30, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NIRAJ SHARMA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge. Hon. Gregory K. Kalbfleisch, Magistrate.

Intermediate appellate decision of the district court affirming the magistrate court's decision granting divorce, <u>affirmed</u>.

Niraj Sharma, Maryland, pro se appellant.

Paige M. Nolta, Lewiston, for respondent.

_____

GRATTON, Judge

Niraj Sharma ("Niraj") appeals from the district court's intermediate appellate decision affirming the magistrate court's judgment granting a divorce to Usha Pandey Sharma ("Usha"). He seeks an annulment of his marriage to Usha, asserting that the magistrate court erred in finding that Usha was not already married at the time she married Niraj.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Niraj and Usha were married on December 12, 2009, in Kathmandu, Nepal, which was an arranged marriage. Prior to the wedding, Niraj lived in Maryland where he returned within a few days of the ceremony while Usha remained in Nepal. In March 2011, after she was approved for a visa, Usha joined Niraj in the United States. In July 2011, Usha traveled to Lewiston, Idaho, to visit family. She did not return to Maryland and filed a complaint for divorce in March 2012 on

1

the basis of irreconcilable differences. Niraj filed a counterclaim for annulment alleging that Usha was already married at the time she married Niraj.

At trial, after weighing the conflicting testimony and making credibility determinations, the magistrate determined there was no basis to grant an annulment. The magistrate made factual findings that there were irreconcilable differences in the marriage and granted Usha's complaint for divorce on that basis.

Niraj appealed to the district court asserting that the magistrate court erred in denying his claim for annulment, and in excluding evidence regarding property issues as they related to Usha's motive to seek a divorce. The district court determined that the magistrate's ruling granting Usha's claim for divorce was supported by substantial evidence in the record, and that testimony regarding property issues was not relevant to the issues before the court. Consequently, the district court affirmed the magistrate court. Niraj timely appeals.

## II.

## ANALYSIS

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). Thus, the appellate courts do not review the decision of the magistrate court. *Bailey*, 153 Idaho at 529, 284 P.3d at 973. Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009).

## A.     Granting of Divorce on Basis of Irreconcilable Differences

Niraj argues that the magistrate court erred in denying his claim for annulment and granting Usha's claim for divorce. Specifically, Niraj contends that the magistrate court erred in finding that Usha was not already married at the time she married him, and that irreconcilable

2

differences existed between the parties.[1] Appellate review of the sufficiency of the evidence is limited in scope. The trier of fact has the primary responsibility for weighing the evidence and determining whether the required burden of proof on an issue has been met. *Sowards v. Rathbun*, 134 Idaho 702, 706, 8 P.3d 1245, 1249 (2000).

Niraj contends the court erred by failing to determine the marriage should be annulled pursuant to Idaho Code § 32-501, which states in relevant part: "A marriage may be annulled for any of the following causes, existing at the time of the marriage: . . . That the former husband or wife of either party was living, and the marriage with such former husband or wife was then in force." I.C. § 32-501(2). At trial, Niraj presented evidence that Usha was married to another man prior to their marriage ceremony, thus arguing that annulment is appropriate pursuant to I.C. § 32-501(2). In contrast, Usha testified that she had never wanted to marry Niraj and after the marriage, with the help of her friends, she created fake wedding pictures with another man, hoping that Niraj would believe she was previously married and annul the marriage.

In affirming the magistrate court's decision, the district court found that the magistrate's ruling was supported by substantial evidence in the record. The magistrate court recognized that there was conflicting testimony in the case, but found Usha's presentation of facts to be more credible than those presented by Niraj and granted Usha's claim for divorce. Even where the evidence is conflicting, it may still be substantial and competent and it is for the magistrate court to weigh the evidence and judge the credibility of witnesses. *Clayson v. Zebe*, 153 Idaho 228, 234, 280 P.3d 731, 737 (2012). Therefore, the magistrate court's findings of fact are to be "liberally construed on appeal in favor of the judgment entered." *Id.* Although the evidence before the magistrate court as to whether Usha was previously married was conflicting, the court made credibility determinations and made findings of fact which are based on substantial and competent evidence. The district court correctly affirmed the magistrate court's determination that divorce was appropriate based upon the parties' irreconcilable differences.

---

[1] Niraj's assertion that the record lacks evidence to support the magistrate's finding of irreconcilable differences was not raised with the district court. Where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court. *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003). Nonetheless, there exists abundantly satisfactory evidence by which the magistrate could conclude that the divorce should be granted on the basis of irreconcilable differences.

**B.      Exclusion of Niraj's Testimony**

Niraj argues the magistrate court erred by excluding his testimony regarding the potential effects a divorce would have on the division of the parties' property under Nepali law.  The question of whether evidence is relevant is reviewed de novo, while the decision to admit relevant evidence is reviewed for an abuse of discretion.  *State v. Lamphere*, 130 Idaho 630, 632, 945 P.2d 1, 3 (1997).   At trial, regarding admission of Niraj's testimony, the following interaction occurred:

| | |
|---|---|
| [Defense Counsel]: | Now you're aware, are you not, Niraj, you're aware that what Usha wants from the court today is a divorce, not an annulment, right? |
| [Niraj]: | Yeah, I'm aware. |
| [Defense Counsel]: | In Nepal -- |
| [Niraj]: | Yes. |
| [Defense Counsel]: | -- under Nepali law, if your marriage ends by a divorce, does that give Usha rights to property in Nepal? |
| [Niraj]: | Yes. |
| [Plaintiff's Counsel]: | Objection, Your Honor, relevance. |
| The Court: | Sustained. |
| [Defense Counsel]: | May I make an offer of proof? |
| The Court: | Go ahead, Mr. Whitney. |
| [Defense Counsel]: | Briefly.  Briefly, Niraj, what are her rights under Nepali law? |
| [Niraj]: | Under Nepali law, if she gets divorce here, she can claim my father's properties back home.  My property and my father's property. |
| [Defense Counsel]: | Okay.  Let's move on from that. |

The context of this exchange demonstrates that there was no argument as to why the testimony was relevant to the issues before the court.  While some of the information was elicited as an offer of proof, it is not apparent that Niraj was trying to prove anything other than potential property rights issues.  Neither party requested property division in their pleadings--Usha's complaint stated that property issues would be heard in Maryland and Niraj's counterclaim stated there were no property issues.  Accordingly, the court excluded the testimony, concluding such testimony was not relevant to the issue of divorce or annulment and the district court affirmed the magistrate's determination on that basis.

On appeal, Niraj argues that his excluded testimony is relevant to Usha's motivations in seeking a divorce.  However, Niraj did not argue the relevance of the testimony was to show

4

motive and therefore, this argument is not properly before this Court on appeal. *See State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Niraj's testimony was not relevant because property distribution was not an issue before the court. Motive for seeking divorce does not directly bear on whether irreconcilable differences exist or, in this case, ground for annulment exists due to prior marriage. The district court correctly affirmed the magistrate court's exclusion of Niraj's testimony regarding the potential effects a divorce would have on the division of the parties' property under Nepali law.

## C.     Trial Transcript and Errata Sheets

Next, Niraj argues that this Court should not consider the errata sheets correcting errors in the trial transcript from the magistrate court.[2] Idaho Rule of Civil Procedure 83 provides for the general appellate procedure from the magistrate court to the district court. Rule 83(o) relates to the preparation and settlement of transcripts on appeal, providing that any party may object to the content of the transcript within twenty-one days from the date of notice that the transcript has been lodged with the district court. Absent objection to the transcript by either party, the transcript will be deemed settled. I.R.C.P. 83(o). Rule 83(x) further provides that to the extent any appellate procedure is not covered by or contrary to Rule 83, such procedure shall be in accordance with the appropriate rule of the Idaho Appellate Rules. Idaho Appellate Rule 30.1 allows parties to correct any statement in a transcript, by stipulation or by motion, at any time after the filing of the transcript. Because I.R.C.P. 83(o) does not provide for the settlement of a transcript on intermediate appeal by stipulation of the parties, such procedure is permissible in accordance with I.A.R. 30.1 pursuant to I.R.C.P. 83(x).

According to Usha at oral argument before the district court, both parties, by agreement, submitted copies of the corrected transcript from the magistrate court, and Usha entered the errata sheets without objection with further stipulation of both parties that the district court could listen to the audio recording of the trial to determine the accuracy if necessary.[3] Based on our

---

[2]     The errata sheets that Niraj complains should not be considered, were prepared by Usha's counsel based on her comparison of the audio recording of the trial and the trial transcript.

[3]     Niraj was not present at oral argument before the district court and has not provided this Court with the record from the district court. Accordingly, we cannot determine whether the district court even incorporated the errata sheets into its interpretation of the magistrate court proceedings. We will presume no error by the district court.

review of the record, the errata sheets were submitted incident to the hearing before the district court after which Niraj's counsel withdrew.[4] Thus, the record on appeal to the district court included the original transcript as well as the errata sheets, all of which were submitted without objection.

There was no objection to the transcript within twenty-one days; however, the process utilized to settle the transcript was by stipulation of the parties. Moreover, the court had discretion to settle the transcript on appeal by stipulation or by motion. Therefore, the district court did not err by accepting the errata sheets correcting errors in the original transcript. Accordingly, both the original and the modified transcripts from the magistrate court were properly before the district court and this Court on appeal.[5]

### D.    Other Issues

Niraj raises a number of additional arguments on appeal, some of which are raised for the first time in his reply brief. This Court will not address issues not preserved for appeal. *See Fodge*, 121 Idaho at 195, 824 P.2d at 126 (generally, issues not raised below may not be considered for the first time on appeal); *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003) (where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court). Further, a reviewing court looks to the initial brief on appeal for the issues presented on appeal. *Hernandez v. State*, 127 Idaho 685, 687, 905 P.2d 86, 88 (1995); *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993). Consequently, "this Court will not consider arguments raised for the first time in the appellant's reply brief." *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004). Accordingly, we will not address these issues further.

### E.    Attorney Fees

Usha argues the district court abused its discretion in denying her request for attorney fees. On appeal to the district court, Usha requested attorney fees pursuant to I.C. § 12-121.

---

[4]    Niraj mentions the pendency of his counsel's motion to withdraw relative to Usha's service of the errata sheets on him. However, he does not argue that his attorney's motion to withdraw is a basis to reverse the district court.

[5]    Moreover, Niraj has failed to demonstrate how the procedure in settling the transcript has prejudiced his substantial rights in any way. He has not offered any argument how the modifications to the transcript are determinative as to any of the issues on appeal.

Idaho Code § 12-121 states "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties." The courts are given more guidance from I.R.C.P. 54(e)(1), which directs that "attorney fees under section 12-121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued, or defended frivolously, unreasonably or without foundation." An award of attorney fees under I.C. § 12-121 is within the broad and sound discretion of the trial court. *Roark v. Bentley*, 139 Idaho 793, 797-98, 86 P.3d 507, 511-12 (2004). The district court recognized the decision was discretionary and, under the circumstances, decided not to award attorney fees. We find no abuse of discretion in the district court's decision.

On appeal, Usha requests attorney fees pursuant to I.C. § 12-121, arguing the appeal was made frivolously, unreasonably, and without foundation. Usha also requests attorney fees pursuant to I.A.R. 11.2. Idaho Appellate Rule 11.2 awards attorney fees against an opposing party if a legal argument is made "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." In this case Usha is the prevailing party, but we do not conclude that Niraj's appeal has been brought frivolously, unreasonably, or without foundation. Further, Usha has shown no basis for an award of attorney fees under I.A.R. 11.2 relative to proceedings in this Court. Therefore, we decline to award Usha attorney fees on appeal.

Costs incurred in defending against this appeal are awarded, as a matter of course, to Usha as the prevailing party. *See* I.A.R. 40(a).

### III.

### CONCLUSION

The district court's order affirming the magistrate court's judgment granting divorce is affirmed. The district court's order denying Usha's request for attorney fees is affirmed. Costs, but not attorney fees, on appeal are awarded to Usha.

Chief Judge MELANSON **CONCURS**.

Judge LANSING, **SPECIALLY CONCURRING**.

I write separately because I believe that proof of Nepali marriage and property laws would have been relevant. The majority notes that neither party sought property disposition in the divorce action and I do not dispute that contention. In my view, however, evidence concerning Nepali law was relevant for a different purpose, to impeach Usha's testimony that

7

she was not previously married and hence that her marriage to Niraj was valid. Further, in context it was apparent that this was the purpose for which the evidence was proffered by Niraj.

Witnesses may be impeached by evidence of their bias or motive to fabricate. "Proof of bias is almost always relevant because the [finder of fact] has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *State v. Thumm*, 153 Idaho 533, 540, 285 P.3d 348, 355 (Ct. App. 2012) (quoting *United States v. Abel*, 469 U.S. 45, 52 (1984)). Bias may be proven by several means including a "witness' self-interest" in the outcome of a case. *Id.* (quoting *Abel*, 469 U.S. at 52). Here, if Niraj's description of Nepali law were true, Usha had a particular interest in establishing that she had a valid marriage to Niraj. Under the laws of Nepal, as related by Niraj, Usha would have enjoyed a legal right to property in Nepal belonging to Niraj and his father if the parties were divorced. She would not acquire that property right if the marriage was annulled. Accordingly, evidence of Nepali law was relevant to impeach Usha.

Nonetheless, I would not reverse the decision of the lower court because Niraj offered no foundation demonstrating any expertise or basis of knowledge for his opinion regarding Nepali law. Idaho law authorizes a party to prove the law of a foreign country in several ways,[1] but, I find no indication that Idaho law permits a layperson to testify regarding the law of a foreign country, and the record does not show that Niraj is an expert in Nepali law. There being no indication that Niraj was able to *properly* adduce evidence of Nepali law, the evidence he proffered was not admissible irrespective of its potential relevance.

Under the Idaho Rules of Evidence, "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." I.R.E. 103(a). The failure to show "how the evidentiary ruling affected a substantial right is fatal." *H.F.L.P., LLC v. City of Twin Falls*, 157 Idaho 672, 686, 339 P.3d 557, 571 (2014). Niraj argues that the exclusion of evidence limited his ability to prove bias. I disagree. Because the evidence should have been excluded on an alternative basis, and because the record shows that Niraj did not have

---

[1] *See, e.g.*, Idaho Code § 9-304 (authorizing the admission of "[p]rinted books or pamphlets purporting on their face to be the session or other statutes of . . . any foreign jurisdiction"); I.C. § 9-307 (authorizing the admission of a "copy of the written law, or other public writing, of any . . . country, attested by the certificate of the officer having charge of the original, under the public seal"); Idaho Rule of Evidence 702 (authorizing a party to call an expert who has "specialized knowledge").

any means of properly adducing the evidence, I conclude that he has not shown that the exclusion affected his substantial rights. On that basis, I would affirm the decision of the district court.