960 P.2d 742

**Blake R. JOHNSON and Frank W. Johnson, Plaintiffs–Counterdefendants–Respondents,**

v.

**John NEWPORT and Judy Newport, Defendants–Counterdefendants–Appellants.**

No. 23887.

Supreme Court of Idaho, Pocatello, May 1998 Term.

July 1, 1998.

Eliasen Law Offices, American Falls, for appellants. Lyle Eliasen argued.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for respondents. John R. Goodell argued.

JOHNSON, Justice.

This is a boundary dispute case. We affirm the trial court's decision quieting title based on the doctrine of boundary by implied agreement.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS

John and Judy Newport (the Newports) and Blake R. and Frank W. Johnson (the Johnsons) are owners of adjacent real property (the properties) in Power County. The Newports own the land to the west of the boundary between the properties. The

Johnsons own the land to the east of the boundary. Bannock Creek (the creek) generally runs in a southwesterly direction, intersecting the two properties at multiple locations. More than sixty years ago, a fence (the old fence) was built by the predecessors-in-interest (the predecessors) of the Newports and the Johnsons. The old fence follows the course of the creek rather than the true boundary between the properties. The old fence lies to the west of the true property line in the southern portion of the area the Newports and Johnsons dispute (the disputed area) and to the east of the true property line in the northern portion of the disputed area. The disputed area lies between the old fence and the true property line. In June 1995, the Newports had the land surveyed and constructed a new fence on the true boundary line. The Johnsons sued the Newports, seeking to have the old fence declared the boundary and to quiet title to the disputed area. The Newports counterclaimed, asking the trial court to declare that they were the true owners of the disputed area, quiet title in their names, and order the Johnsons to pay half the cost of the survey and the new fence.

Following a trial without a jury, the trial court determined that the old fence constituted the legal boundary, quieted title to the disputed area in the Johnsons, and ordered the Newports to remove the new fence at their own expense. In its decision, the trial court found that the reason or circumstance for the construction of the old fence was not specifically known and that there was no evidence showing that the old fence was constructed for the mere convenience of previous landowners or expressly as an agreed boundary. The trial court noted that the location of the creek and the creek's historical heavy spring runoff probably suggested the reason for the location of the fence and that the true boundary of the property was uncertain until June 1995 when the Newports had the property surveyed. In addition, the trial court found that the predecessors impliedly agreed that the old fence was to act as a boundary between the properties, noting that the evidence showed that the parties exclusively used the land on their respective sides of the old fence and treated it as a boundary.

Finally, the trial court found that the Newports did not rebut the presumption of implied border by agreement. The trial court concluded, based on its findings of fact, that there was a boundary by implied agreement that follows the old fence. The Newports appealed.

## II.

### THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDINGS CONCERNING BOUNDARY BY AGREEMENT.

The Newports argue that the trial court improperly quieted title in the Johnsons based on boundary by agreement. We disagree.

In *Cameron v. Neal*, which is this Court's most recent decision applying the doctrine of boundary by agreement, the Court summarized the doctrine:

> The doctrine of boundary by agreement has long been established in Idaho's case law. To have a boundary by agreement, the location of the true boundary line must be uncertain or disputed and there must be a subsequent agreement fixing the boundary. *Wells v. Williamson*, 118 Idaho 37, 41, 794 P.2d 626, 630 (1990). The agreement need not be express, but may be implied by the surrounding circumstances and conduct of the parties. *Id.* The existence of such an agreement between adjoining landowners may appear where their property rights have been defined by the erection of a fence, followed by treatment of the fence by the adjoining owners as the boundary. *Edgeller v. Johnston*, 74 Idaho 359, 365, 262 P.2d 1006, 1010 (1953). Further, the long existence and recognition of a fence as a boundary, in the absence of any evidence as to the manner or circumstances of its original location, strongly suggests that the fence was located as a boundary by agreement. *Beneficial Life Insurance Co. v. Wakamatsu*, 75 Idaho 232, 241, 270 P.2d 830, 835 (1954). Also, the payment of taxes on the property by the party asserting ownership

of the disputed parcel is not required when determining a claim based on the doctrine of boundary by agreement. *Trappett v. Davis,* 102 Idaho 527, 633 P.2d 592 (1981). 130 Idaho 898, 901, 950 P.2d 1237, 1240 (1997). Thus, the doctrine of boundary by agreement requires (1) an uncertain or disputed boundary and (2) an express or implied agreement subsequently fixing the boundary.

On appeal, "[a] trial court's findings of fact in a court-tried case will be liberally construed on appeal in favor of the judgment entered, in view of the trial court's role as trier of fact." *Lindgren v. Martin,* 130 Idaho 854, 857, 949 P.2d 1061, 1064 (1997). "The trial court's findings and conclusions which are based on substantial, albeit conflicting, evidence will not be disturbed on appeal." *Id.*

The trial court's findings that the old fence has existed since at least 1937 but that the reason for the construction of the fence by the predecessors is unknown are supported by substantial and competent evidence. The trial court relied on the Johnsons' testimony as well as that of their parents, who previously owned the land, and noted that the spring runoff dictated the location for the fence but was not the reason for its construction. In addition, the trial court reasoned that even if it had been the reason for the construction, there was no evidence that the fence "was constructed for mere convenience" of the predecessors or that there "was a specific agreement to make the fence the new boundary of the properties."

There is also substantial and competent evidence to support the trial court's findings that (1) the parties and the predecessors each used the land on their respective sides of the old fence, (2) the parties and the predecessors treated the old fence as a boundary, and (3) the true boundary was uncertain until the 1995 survey. The Johnsons testified that they assumed that the old fence was the boundary and used the property up to the old fence for a feedlot and for potato cultivation at least one year. The trial court also noted that the Johnsons maintained the fence and rebuilt portions of the fence as necessary.

Finally, the trial court's finding that the Newports' allegations that the fence was constructed as a barrier or for convenience did not rebut the presumption of implied border by agreement is supported by substantial and competent evidence. The trial court relied upon its earlier finding concerning the lack of evidence regarding the original purpose of the fence.

It is undisputed that the parties were ignorant of the true boundary until the survey in 1995. The Newports contend that boundary by agreement does not apply because there was no dispute over the location of the boundary. We disagree. There is no requirement that there be a dispute over the boundary. Rather, there must be either uncertainty or a dispute as to the location of the true boundary.

A presumption in favor of boundary by agreement exists "where such right has been definitely defined by erection of a fence ... on the line followed by such adjoining landowners treating it as fixing the boundary for such length of time that neither ought to be allowed to deny the correctness of its location." *Edgeller,* 74 Idaho at 365, 262 P.2d at 1010; *see also Wakamatsu,* 75 Idaho at 241, 270 P.2d at 835 (noting that the law presumes boundary by agreement from the long existence and recognition of a fence as a boundary). In addition, in *Paurley v. Harris,* 75 Idaho 112, 117, 268 P.2d 351, 353 (1954), this Court noted that the period of acquiescence is regarded as competent evidence of the agreement. In the present case, the existence of the fence and maintenance of it for sixty years as well as the exclusive use and possession of the property by the Newports and the Johnsons and their predecessors on their respective sides of the old fence is sufficient to find an implied agreement that the old fence was to act as a boundary.

### III.

### CONCLUSION

We affirm the trial court's order quieting title in the Johnsons.

We award the Johnsons costs, but not attorney fees, on appeal.

TROUT, C.J., and SILAK, SCHROEDER and WALTERS, JJ., concur.