31 P.3d 245

Frank STAFFORD, Sr., an individual,
Plaintiff–Counterdefendant–
Appellant,

v.

Max WEAVER, an individual, Defen-
dant–Counterclaimant–Cross De-
fendant–Respondent,

and

Dorothy Bright, a widow, Owyhee Village,
Inc., and Idaho corporation and John
Does I Through X, and the heirs and/or
assigns of said parties claiming any
right, title, estate, lien or interest in the
following real property in Canyon Coun-
ty, State of Idaho; (see property descrip-
tion in file), Defendants–Cross Defen-
dants,

and

Canyon Highway District No. 4,
Defendant–Cross Claimant–
Counterclaimant.

No. 26117.

Supreme Court of Idaho.

Boise, February 2001 Term.

May 17, 2001.

Rehearing Denied Aug. 10, 2001.

Lawrence G. Sirhall, Jr., Boise, for appellant.

Uranga & Uranga, Boise, for respondent. Louis L. Uranga argued.

TROUT, Chief Justice.

This is an appeal from an order granting the defendant-respondent Max Weaver's ("Weaver") motion for summary judgment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1994, Frank Stafford, Sr. ("Stafford") purchased a roughly triangular-shaped piece of property located in Canyon County. The property is bounded on the north by Laster Lane, owned by Canyon County; on the east by an approximately four hundred foot long private lane leading to a 4.26 acre lot, owned by Weaver; and along the southwest hypotenuse by a 5.25 acre parcel referred to as Lot 16, also owned by Weaver. Driving along Laster Lane, one would first pass Lot 16, then Stafford's property at 4912 Laster Lane, then the private lane at 4920 Laster Lane, and then Dorothy Bright's ("Bright") property at 4918 Laster Lane.

In 1995, Stafford and Weaver hired and jointly paid for Greg Skinner to survey their property boundaries. Based upon Skinner's survey, fences were built along either side of Weaver's private lane and Weaver improved the lane by adding gravel and grading a road up to the fence. In May 1997, Stafford hired John T. Eddy to perform a new survey of the property. According to the Eddy survey, Skinner had placed the boundary between Stafford's property and Weaver's lane ten feet too far west. Thus, the fence and Weaver's lane were encroaching on Stafford's property.

On March 20, 1998, Weaver sued Stafford for trespassing on Lot 16. A trial was held on May 27–29, 1998. In order to determine whether Stafford had trespassed, the trial court had to determine the actual boundary between Lot 16 and Stafford's property—the southwest hypotenuse. In *Weaver v. Stafford*, 134 Idaho 691, 8 P.3d 1234 (2000), this Court upheld the trial court's determination of the location of the southwest hypotenuse.

On September 9, 1998, one month before the trial court issued its decision in *Weaver v. Stafford*, Stafford filed this action. Weaver filed a Motion to Dismiss Counts II V of Stafford's complaint, which concerned the location of the southwest boundary, under Idaho Rule of Civil Procedure 12(b)(8). The district judge granted the motion. The district judge denied Stafford's request for a Rule 54(b) certification of the order granting Weaver's motion to dismiss. Weaver then filed a motion for summary judgment on Count I of the complaint. On September 15, 1999, the district judge issued his order granting summary judgment to Weaver. The district judge found that the boundary between Stafford's property and Weaver's private lane had been established by the agreement of the parties. This appeal followed.

## II.

## STANDARD OF REVIEW

When reviewing a ruling on a motion for summary judgment, this Court's standard of review is the same as that used by the district court in passing on the motion. *Rin-*

*cover v. State*, 128 Idaho 653, 656, 917 P.2d 1293, 1296 (1996). Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). When a trial court, rather than a jury, will be the trier of fact, summary judgment is appropriate where the material facts are undisputed, despite the possibility of conflicting inferences, because the court alone is responsible for resolving conflicts between those inferences. *Riverside v. Ritchie*, 103 Idaho 515, 519, 650 P.2d 657, 661 (1982).

■ "[A] mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue for purposes of summary judgment." *Samuel v. Hepworth, Nungester & Lezamiz, Inc.*, 134 Idaho 84, 87, 996 P.2d 303, 306 (2000) (quoting *Harpole v. State*, 131 Idaho 437, 439, 958 P.2d 594, 596 (1998)). The non-moving party must respond to the summary judgment motion with specific facts showing there is a genuine issue for trial. *Id.* (quoting Tuttle v. Sudenga Indus., Inc., 125 Idaho 145, 150, 868 P.2d 473, 478 (1994)).

## III.

### DISCUSSION

A. **The district judge properly granted summary judgment for Weaver based upon the doctrine of boundary by agreement.**

■ The doctrine of boundary by agreement requires (1) an uncertain or disputed boundary and (2) an express or implied agreement subsequently fixing the boundary. *Johnson v. Newport*, 131 Idaho 521, 960 P.2d 742 (1998). Stafford argues that the district court erred in finding these requirements were met.

■ It is uncontroverted that: the parties obtained a survey of their properties; the survey was ultimately jointly paid for; Stafford built a fence between his property and Weaver's based upon the survey; Weaver improved his land by adding gravel and grading his lane up to the fence built by Stafford; and the parties treated the fence as the boundary at least until mid 1997 when Stafford hired Eddy to re-survey his property.

■ The agreement establishing a boundary may be express or implied from the surrounding circumstances and conduct of the parties. *Cameron v. Neal*, 130 Idaho 898, 901, 950 P.2d 1237, 1240 (1997) (citing *Wells v. Williamson*, 118 Idaho 37, 41, 794 P.2d 626, 630 (1990)). The existence of an agreement may appear where the parties have erected a fence followed by treatment of the fence as the boundary. *Id.* Allowing an adjoining landowner, without objection, to build improvements on the property is also evidence of an agreement. The period of acquiescence need not continue for the amount of time necessary to establish adverse possession because acquiescence is merely competent evidence of the agreement. *Trappett v. Davis*, 102 Idaho 527, 532, 633 P.2d 592, 597 (1981); *see also Paurley v. Harris*, 75 Idaho 112, 268 P.2d 351 (1954).

Given the circumstances and actions of the parties, the district judge properly found there are no disputed issues of fact as to boundary by agreement. To defeat the motion for summary judgment, Stafford needed to present more than mere conclusory allegations and a scintilla of evidence to raise a genuine issue of fact. He failed to do so.

■ Stafford also argues that because the boundary between his and Weaver's property affects the property of Bright and Canyon Highway District No. 4 ("Highway District"), there cannot be a boundary by agreement. Stafford failed to present any reason why he has standing to bring this issue. Furthermore, Stafford misunderstands the effect of a boundary by agreement. Once there is an agreed upon boundary, the parties to the agreement are no longer entitled to the amount of property provided for in their deeds and must absorb the effect of any increase or decrease in the amount of their property as a result of the new boundary. Thus, for example, if Stafford and Weaver located the boundary too far west, Stafford loses Laster Lane frontage, Weaver gains frontage, and Bright retains her frontage.

**226**

Because the district court has not yet ruled on the rights of Bright and the Highway District, we will not address this issue further.

Finally, Stafford contends that the grant of summary judgment does not adhere to the principle of *res judicata* because, under *Weaver v. Stafford, supra,* the boundary is the metes and bounds description contained in his deed. The holding in *Weaver,* however, applies only to the southwest boundary. 134 Idaho at 697, 8 P.3d at 1240. Any implication *Weaver* would have for tracing the rest of the property by the metes and bounds description is negated by the parties' agreement to set the boundary. Once the parties set the uncertain boundary, they were no longer entitled to the metes and bounds descriptions of their deeds.

**B. Weaver is not entitled to attorney fees on appeal.**

Weaver requests attorney fees on appeal pursuant to I.C. § 12–121. In order for an award of attorney fees to be appropriate on appeal pursuant to I.C. § 12–121, this Court must be left with the abiding belief that the appeal was brought or pursued frivolously, unreasonably, and without foundation. *Wooley Trust v. DeBest Plumbing, Inc.,* 133 Idaho 180, 187, 983 P.2d 834, 841 (1999). Stafford's challenge to the application of boundary by agreement was not frivolous; therefore, Weaver is not entitled to his attorney fees on appeal.

## IV.

## CONCLUSION

The district court properly granted summary judgment for Weaver. Weaver is awarded costs, but not attorney fees, on appeal.

Justices SCHROEDER, KIDWELL, EISMANN and Judge Pro Tem HART, CONCUR.