50 P.3d 987

Michael G. COX and Jennifer Cox, husband and wife, Terry Maupin and Mindy Maupin, husband and wife, Plaintiffs–Counterdefendants–Appellants,

v.

Peggy CLANTON, Thelma Anderson, and Teresa Krusell, married women dealing with their sole and separate property, Defendants–Counterclaimants–Third Party Complainants–Respondents.

v.

Deelane Maupin, and Justin Maupin and Jane Doe Maupin, husband and wife, Third Party Defendants–Appellants.

No. 27020.

Supreme Court of Idaho, Boise, May 2002 Term.

July 2, 2002.

Just Law Office, Idaho Falls, for appellants. Charles C. Just argued.

Hopkins, Roden, Crockett, Hansen & Hoopes PLLC, Idaho Falls, for respondents. Teresa L. Sturm argued.

KIDWELL, Justice.

The Coxes and the Maupins purchased property and made improvements upon land they believed they owned. A subsequent survey of the property revealed that the appellants did not own the land; the respondents held title to the disputed property. The appellants filed a quiet title action, and the district court quieted title in the respondents. The appellants appeal.

## I.

## FACTS AND PROCEDURAL BACKGROUND

The plaintiffs bought parcels of land in separate purchases from Merlin Sharp (Sharp). Terry and Mindy Maupin purchased land from Sharp in December of 1998; the Coxes' purchase occurred in February of 1999. Sharp had acquired the land from his parents in 1996, and his parents apparently had acquired it from Julius Carsten who owned it for approximately thirteen years. The plaintiffs were given recorded deeds to the property.

The defendants received their property by a recorded deed on May 11, 1999, from their mother, Nina Anderson. Nina and her husband Warren owned the land since 1956, acquiring it from Martin Anderson. In 1967, Warren hastily erected a fence on their property to contain cattle. It is in substantially the same condition as it was then, consisting of evenly-spaced steel fence posts with three or four strands of barbed wire connecting them, and is still used to contain cattle. After observing the property, the district court determined that the land on either side of the fence was "indistinguishable."

The plaintiffs believed that the fence represented the boundary between the properties. Acting under that belief, they graded and graveled a road, bridged a canal, removed trees, and dug a trench in which power and cable lines were placed. These improvements were made in conjunction with the construction of two homes, one for Terry's brother, DeeLane Maupin, and one for DeeLane's son, Justin Maupin. Only after having the land surveyed did the plaintiffs realize that the fence did not represent the boundary line contained in the recorded deeds, and that the improvements had been made on land they did not own.

The plaintiffs notified the defendants of the problem; prior to that, the defendants were unaware of any improvements on the land because they rented the land to ranchers. The parties were unable to reach a compromise on the approximately one-acre strip of land in dispute, and plaintiffs filed an

action to quiet title. The defendants counterclaimed and filed a third party complaint against DeeLane, Justin, and his family for trespass, conversion, and to quiet title. Both sides filed cross motions for summary judgment supported by briefs and affidavits. Plaintiffs argued that the boundary line should be the fence line, based on the theories of boundary by acquiescence, boundary by agreement, adverse possession, or estoppel. Defendants argued that the boundary lines in all of the recorded deeds should stand, and that the elements required for the above-mentioned theories were not established. Nina testified as to the circumstances surrounding the erection of the fence, stating that the fence was put up hastily to contain cattle. She stated that she and her family had used the land outside the fenced land and had not treated it as a boundary to the property. She further stated that there was never an agreement or acquiescence on her part with former neighboring predecessors in interest to change the boundary lines provided in the recorded deeds.

On August 8, 2000, the district court granted the defendants' motion for summary judgment. The court found no evidence in the record of an agreement or acquiescence between the parties or their predecessors in interest to treat the fence as a common boundary. The court found that the plaintiffs had not established the required elements of the theory of boundary by agreement or boundary by acquiescence. Appellants filed this timely appeal on October 20, 2000.

## II.

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "When reviewing an appeal from a grant of summary judgment, this Court employs the same standard used by the district court originally ruling on the motion." *Northwest Bec–Corp v. Home Living Serv.*, 136 Idaho 835, 838, 41 P.3d 263, 266 (2002) (citing *S. Griffin Constr., Inc. v. City of Lewiston*, 135 Idaho 181, 185, 16 P.3d 278, 282 (2000)). Where the facts are undisputed and the district court rather than a jury will be the trier of fact, "summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Id.*

## III.

## ANALYSIS

**A. The District Court Did Not Err By Finding That Appellants Had Not Established Boundary By Agreement Or Boundary By Acquiescence.**

Appellants contend that the district court erred by quieting title in the respondents. Their position is based on the premise that the theories of boundary by agreement and boundary by acquiescence are different, but related theories. Although Idaho case law treats the two theories interchangeably, appellants respectfully assert that the two theories should be separate, as they each have different necessary elements. The appellants cite to treatises and cases from other jurisdictions to support their position that acquiescence should not be considered an element of boundary by agreement. The appellants urge this Court to recognize boundary by acquiescence as a separate theory because public policy has caused a shift away from the necessity of an agreement and towards more equitable concepts such as good faith and fair dealing. Appellants argue they have established boundary by acquiescence based on the facts that the fence had been erected in 1967 and had not been moved since that time, and that the appellants and their predecessors in interest had all believed the fence to be the boundary. Additionally, appellants contend that they have also met the requirements for boundary by agreement under current Idaho case law.

"In Idaho, the phrase 'boundary by acquiescence' is often used interchangeably with 'boundary by agreement,' although the

latter more accurately describes the doctrine." *Griffel v. Reynolds,* 136 Idaho 397, 400, 34 P.3d 1080, 1083 (2001) (citing *Cameron v. Neal,* 130 Idaho 898, 950 P.2d 1237 (1997)). "To prove boundary by agreement, there must be an uncertain or disputed boundary and a subsequent agreement fixing the boundary. The agreement need not be express, but may be implied by the surrounding circumstances and conduct of the parties." *Id.* (citing *Wells v. Williamson,* 118 Idaho 37, 41, 794 P.2d 626, 630 (1990); *Edgeller v. Johnston,* 74 Idaho 359, 262 P.2d 1006 (1953)). "[T]he long existence and recognition of a fence as a boundary, in the absence of any evidence as to the manner or circumstances of its original location, strongly suggests that the fence was located as a boundary by agreement." *Cameron,* 130 Idaho at 901, 950 P.2d at 1240 (citing *Beneficial Life Ins. Co. v. Wakamatsu,* 75 Idaho 232, 241, 270 P.2d 830, 835 (1954)). "Acquiescence is merely regarded as competent evidence of the agreement." *Griffel,* 136 Idaho at 400, 34 P.3d at 1083 (citing *Paurley v. Harris,* 75 Idaho 112, 117, 268 P.2d 351 (1954)). "[A]n agreement fixing the boundary line, whether express or implied, is essential to a claim of boundary by acquiescence." *Id.* at 401, 34 P.3d at 1084 (citation omitted).

■ In the present case, the district court found that, prior to the survey, none of the parties or their predecessors in interest knew the exact location of the boundary lines. Although the first element necessary to prove boundary by agreement was met, the district court found that there was no evidence in the record to support the appellants' contention that the fence line constituted a subsequent agreement or acquiescence by the parties or that there was an absence of evidence regarding the circumstances of the fence's original location. In fact, the opposite was true—a previous owner, Nina, provided evidence of the circumstances surrounding the erection of the fence, which demonstrated that the fence was hastily put up to contain cattle. Her testimony showed that the purpose of the fence was not to establish a boundary between the properties. She stated that no agreement existed between the Anderson family and the neighboring landowners to treat the fence line as the boundary.

Appellants urge this Court to adopt the theory of boundary by acquiescence as a separate theory that does not require the element of an agreement. However, Idaho case law demonstrates that an agreement, either express or implied, must exist to establish a boundary by agreement or acquiescence. Although the actual boundary was uncertain, appellants are unable to establish the existence of an express or implied agreement to treat the fence as the boundary. Appellants' testimony shows that, even during the time they were making the improvements, the fence was still being used to contain cattle; appellants knew this because they damaged the fence while working, allowing cattle to escape. Nina testified that her family used the land outside the fence to access recreation areas and that her family never treated the fence as the boundary to the property. Affidavits from predecessors in interest submitted by the appellants also do not reveal any express or implied agreement to treat the fence as a boundary.

The district court found that the appellants had not established that an express or implied agreement existed or that the parties or their predecessors in interest had acquiesced to the fence representing the boundary between the properties. We affirm the district court's decision.

**B. The Parties Are Not Entitled To Attorney Fees On Appeal Pursuant To I.C. §§ 12–120(3) or 12–121.**

All of the parties have requested attorney fees on appeal. The appellants have requested attorney fees on appeal pursuant to I.C. § 12–121. The respondents have requested attorney fees on appeal pursuant to I.C. §§ 12–120(3) or 12–121.

■ An award under I.C. § 12–120(3) is justified only if a "commercial transaction comprises the gravamen of the lawsuit." *Brower v. E.I. DuPont De Nemours and Co.,* 117 Idaho 780, 784, 792 P.2d 345, 349 (1990). In *Sun Valley Hot Springs Ranch, Inc. v. Kelsey,* 131 Idaho 657, 663, 962 P.2d 1041, 1047 (1998), this Court declined to award

**496**

attorney fees under I.C. § 12–120(3). *Sun Valley Hot Springs Ranch, Inc.* involved a dispute over ownership of real property, and this Court held that it did not "fall within the meaning of a commercial transaction. . . ." *Id.* This case mirrors *Sun Valley Hot Springs Ranch, Inc.* Therefore, attorney fees on appeal are not awarded to the respondents under § 12–120(3).

 An award of attorney fees under I.C. § 12–121 is proper only when the case was brought frivolously, unreasonably, or without foundation. *Northwest Bec–Corp. v. Home Living Serv.,* 136 Idaho 835, 842, 41 P.3d 263, 270 (2002) (citing *Kelly v. Silverwood Estates,* 127 Idaho 624, 630, 903 P.2d 1321, 1327 (1995)). The appellants' argument was based on their good-faith belief that the fence line represented the boundary line between the properties. Their position that boundary by agreement and by acquiescence are two separate, yet related, doctrines was supported by case law and treatises. This Court is not left with the abiding belief that the appellants pursued their claim frivolously or without foundation. Therefore, attorney fees on appeal are not awarded to the respondents under I.C. § 12–121.

### IV.

### CONCLUSION

The appellants have not established the required elements of boundary by agreement. This Court affirms the decision of the district court quieting title in the respondents. No attorney fees on appeal are awarded. Costs to respondents.

Chief Justice TROUT, Justices SCHROEDER, WALTERS and EISMANN concur.