162 P.3d 755

Teresa Louise GRIFFIN, and Peter F. Kuenzinger and Juanita L. Kuenzinger, husband and wife, Plaintiffs–Respondents,

v.

Mark L. ANDERSON and Judy D. Anderson, husband and wife, and Does 1 through 10, inclusive, Defendants–Appellants.

No. 32617.

Supreme Court of Idaho, Coeur d'Alene, April 2007 Term.

June 27, 2007.

Amaro Law Office, Coeur d'Alene, for appellants. Rami Amaro argued.

Dean & Kolts, Coeur d'Alene, for respondents. Charles R. Dean, Jr. argued.

TROUT, Justice.

Mark and Judy Anderson (the Andersons) appeal from the district court's entry of judgment quieting title in favor of Teresa Louise Griffin and her parents, Peter and Juanita Kuenzinger (collectively, Griffin).

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The Andersons purchased a parcel of land in 1977, relying on land markers placed by a survey conducted in 1975 (the Booth Survey). At the time, the neighboring parcel of land was owned by the Henneseys. With the objective of containing their livestock, the Andersons constructed a fence along what they believed to be the edge of their property as delineated by the Booth Survey. The Andersons did not consult the Hennesseys, and the Hennesseys did not object. Seven years later, in 1984, the Hennesseys conveyed their property to the Avalons, who took the property with notice of the fence.

In 1991, neighbors of the Avalons and the Andersons commissioned a land survey that indicated potential problems in the boundary descriptions. The Avalons then commissioned a survey of their own property in 1995 (the Rasor Survey). The Rasor Survey confirmed that a discrepancy existed between the line created by the Andersons' fence and the property line described in the Andersons' and Avalons' deeds, and in fact showed that the property lines throughout the area were slightly off of where they had been previously surveyed. The discrepancy between the

fence and the actual boundary between the Andersons' and Avalons' land amounted to approximately an acre measuring roughly 17 by 70 feet. The Avalons notified the Andersons of this discrepancy in 1995. While the other landowners included in the survey agreed to shift their respective property lines in accordance with the Rasor Survey, the Andersons refused. Still, the Avalons made no objection to the Andersons' fence until September 2001. At that time, the Avalons sent the Andersons a letter stating that they believed they owned the property in dispute, but that the Andersons had their permission to use it until the Andersons sold their land, at which time the fence line could be corrected. The following month, in October of 2001, the Avalons conveyed their property to Griffin.[1]

After unsuccessful attempts to communicate with the Andersons regarding the boundary dispute, Griffin filed this action in May of 2004, seeking to quiet title in the strip of land between the two properties. The Andersons asserted the affirmative defenses of adverse possession and boundary by agreement. Both parties moved for summary judgment, with Griffin seeking partial summary judgment on the issue of adverse possession. The district court granted Griffin's motion on adverse possession and denied the Andersons' motion, save for granting the Andersons the single issue that an uncertain boundary line existed at the time the fence was constructed.

The district court held a court trial in July 2005. The court found that Griffin's deed contained the disputed strip of land and denied the Andersons' claim of boundary by agreement. Consequently, the court quieted title in favor of Griffin and further found that the Andersons had no rights in the disputed property. The Andersons brought a motion for reconsideration, which the court denied. The Andersons timely appealed.

## II.

## STANDARD OF REVIEW

This Court will set aside a trial court's findings of fact only if they are clearly

---

1. Griffin's parents, Juanita and Peter Kuenzinger, originally purchased the property in 2001, but later transferred an interest to Griffin. Griffin and the Kuenzingers are listed on the deed as the owners, but only Griffin and her husband reside on the property.

erroneous. I.R.C.P. 52(a); *Neider v. Shaw*, 138 Idaho 503, 506, 65 P.3d 525, 528 (2003). In deciding whether findings of fact are clearly erroneous, this Court determines whether the findings are supported by substantial, competent evidence. *Id.*, citing *In re Williamson v. City of McCall*, 135 Idaho 452, 454, 19 P.3d 766, 768 (2001). Evidence is substantial if a reasonable trier of fact would accept it and rely on it. *Id.* Findings based on substantial, competent evidence, although conflicting, will not be disturbed on appeal. *Id.*, citing *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002). A trial court's findings of fact in a court-tried case will be liberally construed on appeal in favor of the judgment entered, in view of the trial court's role as trier of fact. *Johnson v. Newport*, 131 Idaho 521, 523, 960 P.2d 742, 744 (1998). Over questions of law, in contrast, this Court exercises free review. *Neider*, 138 Idaho at 506, 65 P.3d at 528.

## III.

## DISCUSSION

 The doctrine of boundary by agreement consists of two elements: (1) an uncertain or disputed boundary, and (2) an express or implied agreement subsequently fixing the boundary. *Johnson* 131 Idaho at 523, 960 P.2d at 744. Such an agreement does not effect a conveyance of land from one party to the other. *Wells v. Williamson*, 118 Idaho 37, 41, 794 P.2d 626, 630 (1990). Instead, it establishes "the location of the respective existing estates and the common boundary of each of the parties." *Id.* As a result, "[o]nce there is an agreed upon boundary, the parties to the agreement are no longer entitled to the amount of property provided for in their deeds and must absorb the effect of any increase or decrease in the amount of their property as a result of the new boundary." *Stafford v. Weaver*, 136 Idaho 223, 225, 31 P.3d 245, 247 (2001). The district court found that the boundary in this case was uncertain and therefore satisfied the first element of boundary by agreement. Thus, this appeal centers on the second element of the test: agreement fixing the boundary.

 The parties in this case do not dispute that no express agreement was formed between the Andersons and the Hennesseys to fix a boundary line when the Andersons constructed their fence. Under the doctrine of boundary by agreement, however, "[t]he agreement need not be express, but may be implied by the surrounding circumstances and conduct of the parties." *Cameron v. Neal*, 130 Idaho 898, 900, 950 P.2d 1237, 1240 (1997). Therefore, if the doctrine of boundary by agreement is to apply, a court must imply an agreement based on the behavior of the parties. An implied agreement between adjoining landowners may arise where property rights have been defined by the erection of a fence, followed by treatment of the fence by the adjoining owners as the boundary. *Id.* We explained in *Cameron*, "[f]urther, the long existence and recognition of a fence as a boundary, in the absence of any evidence as to the manner or circumstances of its original location, strongly suggests that the fence was located as a boundary by agreement." *Id.*

The facts in this case are similar to those in *Cox v. Clanton*, 137 Idaho 492, 50 P.3d 987 (2002). In *Cox*, the defendant's predecessor in interest erected a fence to contain cattle and the parties thereafter believed the fence was the boundary. The parties treated the fence as the boundary between their properties until a survey revealed that the fence did not follow the correct property line. Regardless of the parties' treatment of the fence as the boundary, the Court determined there was no boundary by agreement. While the actual boundary was uncertain in *Cox*, the evidence directly contradicted the contention that the location of the fence was based on an agreement or acquiescence to the demarcation of a boundary. *Id.* at 495, 50 P.3d at 990.

As *Cox* demonstrates, a period of long acquiescence is not sufficient to overcome clear evidence of a lack of agreement. Like *Cox*, this case does not suffer from an absence of evidence as to how the fence came to be located in the first place. The trial court heard evidence on the circumstances of the fence's construction; indeed, the Andersons constructed the fence themselves, and testi-

fied that they were prompted to erect their fence as a barrier for their livestock and not to mark the boundary of their land. While the evidence suggests that the fence acted as both a barrier and a boundary, there is substantial and competent evidence to support the district court's finding that the fence served as a barrier first and foremost. Consequently, we agree with the district court that the parties did not form an agreement by acquiescence and that the doctrine of boundary by agreement does not apply.

## IV. CONCLUSION

We find that the district court acted within its discretion as the trier of fact, and correctly applied Idaho law in rejecting the Anderson's claim of boundary by agreement. The district court's decision quieting title in favor of Griffin is affirmed. We award costs on appeal to the Respondent.

Chief Justice SCHROEDER, and Justices EISMANN, BURDICK and JONES concur.

