195 P.3d 1207

**TETON PEAKS INVESTMENT CO., LLC, an Idaho limited liability company, Plaintiff–Appellant,**

v.

**E. Frank OHME and Maureen Ohme, husband and wife, Defendants–Respondents.**

No. 34642.

Supreme Court of Idaho,
Idaho Falls, September 2008 Term.

Oct. 16, 2008.

Thomsen Stephens Law Offices, PLLC, Idaho Falls, for appellant. Curt R. Thomsen argued.

Hopkins, Roden, Crockett, Hansen & Hoopes, Idaho Falls, for respondent. C. Timothy Hopkins argued.

W. JONES, Justice.

This case arises out of a boundary dispute between Teton Peaks Investment Co., LLC (Teton Peaks), and E. Frank Ohme and Maureen Ohme, husband and wife (the Ohmes). Teton Peaks and the Ohmes own adjacent parcels of real property separated by a fence that is not the true boundary line. The fence encroaches on Teton Peaks' property by 0.29 acres. Teton Peaks filed suit against the Ohmes to quiet title to the 0.29 acres of real property, additionally alleging trespass, damages and unjust enrichment. The Ohmes answered with a counterclaim and an affirmative defense alleging boundary by agreement. The district court granted summary judgment in favor of the Ohmes, finding that the encroaching fence established a boundary by agreement and that no unjust enrichment had occurred. Teton Peaks appeals that decision.

## FACTUAL AND PROCEDURAL BACKGROUND

Both parties stipulate that all the facts presented to the district court are all the facts that would be presented if this case were to go to trial. The Ohmes and Teton Peaks own adjacent parcels of property in Idaho Falls. Both properties have been primarily used for agricultural purposes. The Ohmes parcel consists of 80 acres and the chain of title can be traced to 1893 when the parcel exited the public domain. Teton Peaks owns several parcels of land near the Ohmes and one 21.80 acre parcel directly east of the Ohmes property; this is the parcel that contains the encroaching fence.

A fence divides the Ohmes property from Teton Peaks and encroaches on the Teton Peaks parcel by 0.29 acres. The Ohmes provided the district court with evidence that the fence was built sometime prior to 1940 when the property was owned by Raymond Carney and has been in existence ever since. Raymond Carney subsequently sold the property to George Smith in 1973, who believed that the fence was the property line. George and Shirley Smith conveyed the property to Smith Development LLC, and Smith Development LLC conveyed the property to Teton Peaks. There is no evidence in the record as to who built the fence, when the fence was constructed or for what purpose. Each owner from 1940 until 2004[1] treated the fence as the property line. Teton Peaks learned of the encroachment in 2006 when a survey of the property was conducted.

Until 1981, the fence was followed by irrigation ditches on both the east and west sides of the fence lines. In 1981 the irrigation ditch on the Teton Peaks parcel was removed and replaced with a sprinkler system. The irrigation ditch on the Ohmes parcel remains. There is no evidence as to the dates the ditches were constructed or why the locations were chosen.

The following issues are presented to this Court on appeal:

1. Whether the district court erred in finding a boundary by agreement.
2. Whether the district court erred when it denied Teton Peaks' claim for unjust enrichment.
3. Whether the Ohmes are entitled to attorney's fees on appeal.

---

**1.** Teton Peaks purchased the property from Smith Development LLC in 2004.

## STANDARD OF REVIEW

When reviewing a motion for summary judgment, this Court employs the same standard as the trial court. *Robison v. Bateman–Hall, Inc.,* 139 Idaho 207, 209, 76 P.3d 951, 953 (2003). Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citing I.R.C.P. 56(c)). The facts are construed liberally in favor of the nonmoving party. *Id.*

**The district court did not err in finding a boundary by agreement.**

Boundary by agreement consists of two elements: (1) an uncertain or disputed boundary, and (2) a subsequent agreement fixing the boundary. *Luce v. Marble,* 142 Idaho 264, 271, 127 P.3d 167, 174 (2005). The first element may be satisfied by "[i]gnorance of what is later deemed to be the true boundary." *Id.* The agreement may be either express or implied through the behavior of the parties. *Id.* "Which party pays property tax on the disputed land is irrelevant to determining a claim based on boundary by agreement." *Neider v. Shaw,* 138 Idaho 503, 506, 65 P.3d 525, 528 (2003). A boundary which has been fixed through agreement or acquiescence is binding upon successors in interest with notice. *Luce,* 142 Idaho at 271, 127 P.3d at 174. "One who purchases property is put on notice of title disputes that a reasonable investigation would reveal." *Anderson v. Rex Hayes Family Trust,* 145 Idaho 741, 743, 185 P.3d 253, 255 (2008). "The conduct of subsequent owners, or their understandings as to the boundary, would not prove or disprove an implied agreement." *Downey v. Vavold,* 144 Idaho 592, 596, 166 P.3d 382, 386 (2007).

> For nearly a century it has been the law of this state that evidence of a long established fence creates two presumptions. First, when a fence line has been erected, and then coterminous landowners have treated that fence line as fixing the boundary between their properties "for such a length of time that neither ought to be allowed to deny the correctness of its location" the law presumes an agreement fixing that fence line as the boundary.... Second, coupled with the long existence and recognition of a fence as a boundary, "the want of any evidence as to the manner or circumstances of its original location, the law presumes that it was originally located as a boundary by agreement because of uncertainty or dispute as to the true line."

*Luce,* 142 Idaho at 271–72, 127 P.3d at 174–75 (internal citations omitted). "The holder of title to property is the presumed legal owner of that property." *Anderson,* 145 Idaho at 743, 185 P.3d at 255. Another person who claims ownership to that property must establish the claim by clear, satisfactory, and convincing evidence. *Id.*

This Court finds no error in the district court's grant of summary judgment in favor of the Ohmes. The evidence clearly proves the fence has existed for more than 60 years and has been treated by coterminous owners as the boundary line for the same period. Each of the parcels' respective irrigation ditches existed immediately adjacent to each side of the fence. This evidence strongly suggests that each parcel owner built an irrigation ditch just within what was the presumed property line and that a fence was erected to separate the parcels. Although Teton Peaks presented evidence that Smith may have been informed of an uncertain boundary in 1996, this fact does not negate the use of the fence and the presumed uncertainty of the boundary line prior to 1996. *Downey,* 144 Idaho at 596, 166 P.3d at 386 (stating that subsequent conduct of subsequent owners does not prove or disprove an implied agreement between the original parties.) Any boundary by agreement was established long before 1996 and is subsequently binding on Teton Peaks. Viewing the very limited evidence in the light most favorable to Teton Peaks, there is no genuine issue of material fact as to whether the Ohmes effectively proved boundary by agreement. The Ohmes presented evidence that the fence had been erected and treated as the boundary line for over 60 years, which gives rise to both presumptions as stated in *Luce*. See *Luce,* 142 Idaho at 271–72, 127 P.3d at 174–

75. First, that there had originally been an agreement fixing the fence as the boundary line, and second that the boundary line was originally fixed because of an uncertainty or dispute. Teton Peaks offered no evidence that would tend to show otherwise, except for the legal descriptions which show that the fence is not the true property line.[2] Teton Peaks also stipulated that there would be no further development of the record. This Court affirms the district court's grant of summary judgment in favor of the Ohmes.

Teton Peaks filed a motion to augment the briefs and cites to *Anderson v. Rex Hayes Family Trust*, 145 Idaho 741, 185 P.3d 253 (2008). *Anderson* reiterates the proposition that "[t]he 'long existence and recognition of a fence as a boundary, in the absence of any evidence as to the manner or circumstances of its original location, strongly suggests that the fence was located as a boundary by agreement.'" *Anderson*, 145 Idaho at 744, 185 P.3d at 256 (quoting *Cox v. Clanton*, 137 Idaho 492, 494–95, 50 P.3d 987, 989–90 (2002)). Nevertheless, in *Anderson* this Court affirmed the district court's holding that the fence did not establish a boundary by agreement. *Anderson* is distinguishable from this case however, in that in *Anderson* there was evidence to contradict the presumption of a boundary be agreement created by the existence of a fence. That evidence was that *Anderson* had signed a written lease agreement of the disputed property in which he recognized title to the disputed property in the Rex Hayes Family Trust. This Court cited to the lease agreement and "considered the effect of Hayes' purported acquiescence with regard to the fence [presumption]" but

found that evidence unpersuasive in light of the contrary evidence of the written lease agreement. *Anderson*, 145 Idaho at 744, 185 P.3d at 256. Here, Teton Peaks, unlike the Rex Hayes Family Trust, did not submit any contrary evidence to rebut the presumption raised by the "long existence and recognition of a fence as a boundary." *Anderson*, 145 Idaho at 744, 185 P.3d at 256.

**The district court did not err when it denied Teton Peaks' claim for unjust enrichment.**

■■■■ A claim for unjust enrichment in conjunction with a boundary by agreement claim is an issue of first impression in Idaho. The elements of unjust enrichment are that (1) a benefit is conferred on the defendant by the plaintiff; (2) the defendant appreciates the benefit; and (3) it would be inequitable for the defendant to accept the benefit without payment of the value of the benefit. *Gibson v. Ada County*, 142 Idaho 746, 759, 133 P.3d 1211, 1224 (2006). Unjust enrichment will not apply in the instance of an officious intermeddler. *Curtis v. Becker*, 130 Idaho 378, 382, 941 P.2d 350, 354 (Ct.App. 1997). "The officious intermeddler rule essentially provides that a mere volunteer who, without request therefor, [sic] confers a benefit upon another is not entitled to restitution. This rule exists to protect persons who have had unsolicited 'benefits' thrust upon them." *Id.* Teton Peaks claims that if a boundary by agreement is granted to the Ohmes, they will be unjustly enriched because Teton Peaks has paid the property taxes[3] on the property and the zoning of the disputed property has changed from agricultural to commercial.[4]

2. No one in this case disputes that the fence is not the true property line. Generally, in a boundary by agreement case the fence is not the true property line, which is why the parties present information to the court attempting to establish whether a boundary by agreement exists. Therefore, it seems counterintuitive for Teton Peaks to support their contention that no boundary by agreement exists because the fence is not the true property line.

3. Appellant's brief contends that "Ohme has realized those benefits by not having to pay taxes for 60 years on the land." It is noted that Teton Peaks has presumably only paid taxes on the land since its acquisition in 2004. Therefore, it

necessarily follows that any benefit that the Ohmes received for tax payments for the last 60 years was not conferred by Teton Peaks, but the previous owners of the property, save the last four years.

4. Specifically, Teton Peaks claims that they "spent much time and money to turn the .29 acres into commercial-not agricultural-property. Ohme should not be allowed to accept the benefits of Teton Peaks' time and investments by obtaining commercial property, and should compensate Teton Peaks for [the] same. It is inequitable for Ohme to reap the benefit of Teton Peaks' efforts and expenditure in creating a commercial property."

A boundary by agreement establishes the location of the common boundary. *Griffin v. Anderson,* 144 Idaho 376, 378, 162 P.3d 755, 757 (2007). When a boundary by agreement exists, the parties are "no longer entitled to the amount of property provided for in their deeds and must absorb the effect of any increase or decrease in the amount of their property as a result of the new boundary." *Id.* (internal citation omitted).

Teton Peaks did not confer a benefit on the Ohmes because the boundary by agreement was established by the previous owners; that is, the benefit was conferred when the boundary was established, and, although Teton Peaks is bound by that agreement, Teton Peaks was not a party to that agreement. This Court continues to hold that a claim for unjust enrichment requires the conferring of a benefit from one party to the other. It necessarily follows that Teton Peaks could not have conferred a benefit on the Ohmes, either directly or indirectly, by establishing a boundary by agreement because Teton Peaks did not establish the boundary by agreement. Further, any alleged increase in value to the parcel as a result of Teton Peaks' rezone falls squarely within the officious intermeddler rule. The Ohmes did not solicit any benefit and Teton Peaks voluntarily rezoned the property. The district court did not err by denying Teton Peaks' claim for unjust enrichment.

**The Ohmes are entitled to attorney's fees on appeal.**

Both parties make a claim for attorney's fees on appeal pursuant to I.C. § 12–121. "In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees." I.C. § 12–121. "Attorney fees can be awarded on appeal under [I.C. § 12–121] only if the appeal was brought or defended frivolously, unreasonably, or without foundation." *Downey,* 144 Idaho at 596, 166 P.3d at 386. Teton Peaks is not the prevailing party on appeal and, therefore, is not entitled to attorney's fees. Teton Peaks has simply asked this Court to second guess the district court and in doing

so has pursued this appeal unreasonably and without foundation in light of the long-standing law on issues of boundary by agreement and has not presented this Court with any basis in fact or law to reverse the district court's decision. This Court therefore awards attorney's fees to the Ohmes.

### CONCLUSION

For the foregoing reasons this Court affirms the district court's grant of summary judgment in favor of the Ohmes and awards attorney's fees and costs to the Ohmes on appeal.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON concur.

